305 So.2d 307 (1974)
Robert YOUNG, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-514.
District Court of Appeal of Florida, Third District.
December 10, 1974.
Rehearing Denied January 22, 1975.
*308 Koeppel, Stark, Marks & Newmark, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT, A., Jr., Associate Judge.
PER CURIAM.
This is an appeal from a revocation of probation. The appellant pleaded guilty to the charge of unlawful possession of marijuana. After having been placed upon probation without adjudication of guilt, an affidavit alleging several violations of the conditions of his probation was filed. After hearing, he was found by the sentencing judge to have violated two of the conditions, (d) and (f), of the order placing him on probation. They are: "(d) Avoid injurious or vicious habits; avoid association with persons of harmful character or bad reputation" and "(f) Neither carry nor own any weapons without first securing the consent of Probation Supervisor."
Appellant first urges that he was entitled to discharge under the speedy trial rule 3.191(a)(1), CrPR, because the Affidavit of Violation of Probation was filed December 14, 1973, and the term of probation expired January 20, 1974. The Motion to Discharge was filed January 23, 1974. Appellant argued before the trial court that the delay of 126 days between the date of the alleged probation violation and the formal filing of the probation violation affidavit denied the defendant due process and violated the spirit of rule 3.191(a)(1), CrPR. The trial court correctly denied the motion. We note that appellant does not urge that the rule was violated since the rule does not by its terms apply to a proceeding to revoke probation. We hold that neither the spirit of the rule nor the requirement for due process upon charges of a violation of parole were shown to have been violated in this case. See Bernhardt v. State, Fla. 1974, 288 So.2d 490.
Appellant's second point claims that the affidavit of violation of probation and attached exhibits were so replete with hearsay as to be prejudicial to the defendant and deny him a fair hearing. The affidavit and exhibits went far beyond the necessary allegations of such a document. At a trial, the introduction of such evidence would have been prejudicial. But we deal here with a sentencing function not a trial. See Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); Blackburn v. State, Fla. App. 1972, 261 So.2d 861. Direct evidence is full and complete to show that the appellant was arrested during the term of his probation. He was found in an automobile *309 with another person shown to be a convicted felon. In the car were loaded shotguns and a face mask. The evidence clearly supported the court's finding that the appellant had violated both conditions (d) and (f) set forth above. Under these conditions, the hearsay exhibits were not sufficient to avoid the finding of the trial judge.
Appellant's point addressed to the sufficiency of the evidence at the hearing does not present error for the reasons discussed above.
Affirmed.