PER CURIAM.
Appellant entered a plea of nolo conten-dere to the charge of burglary and grand theft reserving his right to appeal the court’s denial of his motion for discharge under the speedy trial rule. Fla.R.Crim.P. 3.191.
Appellant and a co-defendant were arrested on October 15, 1979. Trial was set for November 26, 1979. On the date the case was scheduled for trial, counsel for the co-defendant informed the state that he was moving for a continuance due to the state’s failure to provide defendants with the name of an essential witness. Though contending that the continuance should be charged to the state, defendant joined in the motion for continuance. An excerpt of the proceedings before the court on November 26, 1979, reflects “The Court granted Defendant’s oral Motion for Continuance”.
By joining in co-defendant’s motion for continuance, defendant waived the 180 day provision of the speedy-trial rule though retaining his constitutional guarantee to a speedy trial within a reasonable time. If defendant had desired a more expeditious trial date he could have affirmatively demanded to be brought to trial within 60 days. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980).
Affirmed.