425 So.2d 178 (1983)
STATE of Florida, Appellant,
v.
Geraldine JONES, Appellee.
No. AK-110.
District Court of Appeal of Florida, First District.
January 14, 1983.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellant.
Michael Allen, Public Defender, Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellee.
LARRY G. SMITH, Judge.
The State appeals a trial court order granting appellee's motion to dismiss an information charging appellee with committing an aggravated battery. Appellee's motion to dismiss alleged that an affidavit charging violation of probation had previously been filed charging, in language identical to that in the instant information, that she had violated her probation by committing the aggravated battery. The motion further recited that at the probation revocation hearing the court heard the testimony of the witnesses, and found that appellee had not violated her probation. The motion alleged that the subsequent criminal prosecution was barred by the doctrine of collateral estoppel. The trial court agreed and dismissed the information.[1] We reverse.
*179 Collateral estoppel applies against the State only after a defendant is put in jeopardy in the first proceeding. State v. McCord, 402 So.2d 1147 (Fla. 1981); State v. Kling, 335 So.2d 614 (Fla. 2nd DCA 1976). Jeopardy attaches only when the defendant has been subject to the risks of a determination of guilt. Kling, at 616. Since appellee was not placed in jeopardy in the probation revocation hearing,[2] she is not entitled to rely on the doctrine of collateral estoppel in the subsequent criminal prosecution.
REVERSED and REMANDED.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] The trial judge in this proceeding also heard and ruled on the probation revocation charge.
[2] A probation revocation hearing is a sentencing function, not a trial. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); Young v. State, 305 So.2d 307 (Fla. 3rd DCA 1974), cert. den. 317 So.2d 762 (Fla. 1975); McNeely v. State, 186 So.2d 520 (Fla. 2nd DCA 1966). Jeopardy occurs when a person is put upon trial under an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction, and a jury has been sworn and charged or the court begins to hear the evidence. See, State v. R.E.F., 251 So.2d 672 (Fla. 1st DCA 1971), affm'd 265 So.2d 701 (Fla. 1972). Since appellee's probation revocation hearing concerned only her sentence for a prior offense, she may not be said to have been put in jeopardy for the instant offense. Further, the trial judge's refusal to revoke probation cannot be equated with an adjudication of the criminal charge, since the trial judge is vested with broad discretion to revoke, modify, or continue probation even if the charge is admitted or proved. Section 948.06, Florida Statutes.