GRIMES, Acting Chief Judge.
Appellant contends that his multiple convictions should be reversed for failure of the state to bring him to trial within the time prescribed by the speedy trial rule.
The appellant was arrested on May 31, 1981. His trial was originally scheduled for August 3, 1981. At the docket sounding on July 30, 1981, his trial was continued until October 5, 1981. At a subsequent docket sounding on October 1, 1981, the trial was postponed until November 30, 1981.
Appellant points out that the 180-day period within which the state was required to bring him to trial expired on November 27, 1981. He admits that if he obtained a continuance of the trial during that period of time, he would have waived his rights under the speedy trial rule. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); Pieters v. State, 402 So.2d 531 (Fla. 3d DCA 1981). However, he accurately states that nothing filed in the record during the 180-day period reflects at whose instance the two continuances were obtained.
At the hearing on the motion to discharge, the state attorney emphatically stated that both continuances had been granted at the request of the appellant’s lawyer. The court did not recall the circumstances surrounding the first continuance but stated that she specifically remembered granting the second continuance upon the request of appellant’s counsel. She further recalled telling him that the postponement of the trial until November 30 would be the last continuance which she would grant him. Appellant’s attorney stated that he had no recollection of whether he requested either of the two continuances.
The appellant relies primarily upon this court’s decision in Smith v. State, 345 So.2d 1117 (Fla. 2d DCA 1977), in which we ordered the defendant discharged for failure to comply with the speedy trial rule because there was no record evidence of a waiver. The state contended that the defendant waived his right to speedy trial by either agreeing or acquiescing to a trial date beyond 180 days. However, nothing in the record supported this position. Neither attorney who appeared at the discharge hearing was present when the defendant’s case was set for trial, and the public defender represented that no one from her office had agreed to any specific trial date. The court itself had no recollection concerning the subject.
Here, the circumstances were substantially different. Not only did the state attorney assert that appellant had requested the continuances, but the court also put on record her distinct recollection that she had granted the second continuance at the request of appellant’s lawyer. Appellant’s attorney did not deny the truth of these statements. Consequently, we hold that appellant waived the application of the speedy trial rule.[1]
In so ruling, we do not retreat from our admonition in Smith v. State that there should be a transcript of any proceedings which involve a possible waiver of the speedy trial rule. Had such a transcript been made in this case, there would have been no dispute on which to predicate an appeal. However, it would subvert justice to order a discharge when it can be said without question that the rule was timely *101 waived.[2] Cf. State v. Earnest, 265 So.2d 397 (Fla. 1st DCA 1972) (upholding an attorneys’ oral stipulation to waive the speedy trial rule not made in the presence of the court).
AFFIRMED.
CAMPBELL and LEHAN, JJ., concur.

. Of course, the appellant retained his constitutional guarantee to a speedy trial and the right to file a written demand for trial, neither of which is involved in this case. See Butterworth v. Fluellen.

. Our disposition of this case makes it unnecessary to consider the effect of appellant’s written motion for continuance filed on November 19, 1981, which was denied. See Fla.R.Crim.P. 3.191(e).