450 So.2d 509 (1984)
Vincent GREEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1672.
District Court of Appeal of Florida, Third District.
January 17, 1984.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Penny H. Brill, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
While on probation for another offense, defendant Green was charged by an information with possession of burglary tools, attempted burglary and criminal mischief. These offenses were also named in the affidavit charging that Green violated his probation. The court conducted the probation violation hearing first and found that the evidence failed to eliminate his doubt and was insufficient to justify revocation of Green's probation. The judge explained that he had held the state to the same high burden in the probation revocation proceeding that it had at trial, that is, to prove the case beyond a reasonable doubt. Green then sought dismissal of the information upon collateral estoppel grounds. The trial court denied his motion and the case proceeded to jury trial. The jury returned verdicts finding Green guilty of the charged offenses. This appeal ensued.
The issue to be decided, and which we certify as a question of great public importance, is:
"When, in a probation revocation proceeding, a trial judge finds that the evidence is insufficient to prove the criminal offense asserted as the ground for revocation, is the state collaterally estopped from trying the defendant for the same criminal offense?"
We answer the question negatively and affirm the trial court's decision. Although we recognize that People v. Kondo, 51 Ill. App.3d 874, 9 Ill.Dec. 479, 366 N.E.2d 990 (1977) and State v. Bradley, 51 Or. App. 569, 626 P.2d 403 (1981) reach the opposite conclusion, we are persuaded by Florida cases which have already addressed aspects of the issue.
In State v. McCord, 402 So.2d 1147 (Fla. 1981), the Supreme Court, noted the rule of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) that "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *510 The court held that collateral estoppel applies against the state under fifth amendment protections against double jeopardy only if jeopardy attached in the first proceeding. Subsequently, in State v. Jones, 425 So.2d 178 (Fla. 1st DCA 1983), another appellate court reversed a dismissal of charges following a finding that no probation violation had occurred. The appellate court reiterated that jeopardy attaches only when a defendant has been subjected to risks in determining guilt, citing State v. Kling, 335 So.2d 614 (Fla. 2d DCA 1976). The Jones court concluded that defendant Jones had not been placed in jeopardy in the probation revocation proceeding because the probation revocation hearing was directed to review of an existing sentence and the trial judge was vested with broad discretion in continuing the probation.
There is no question that the law holds the state to a less stringent burden of proof in a probation revocation proceeding than it does in a criminal trial. The probation violation proceeding is actually a deferred sentencing hearing, Delaney v. State, 190 So.2d 578 (Fla. 1966); Section 948.06(1), Florida Statutes (1981), and although the issues of fact in both proceedings appear identical, the probation review does not subject a defendant to jeopardy. His guilt and his sentence have already been determined in a prior trial. Whether the defendant is entitled to serve his sentence without undergoing incarceration is the issue; no new jeopardy attaches.
For these reasons we affirm the convictions.
Affirmed.