447 So.2d 381 (1984)
Fidel GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 83-1068, 83-1164.
District Court of Appeal of Florida, Third District.
March 13, 1984.
Rehearing Denied April 18, 1984.
Bennett H. Brummer, Public Defender, and John H. Lipinski, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., and Lawrence Price, Certified Legal Intern, for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
PER CURIAM.
Fidel Gonzalez entered a plea of nolo contendere to the charge of attempted first degree murder and kidnapping. A similar plea was entered for an affidavit of violation of probation alleging the foregoing substantive crimes. Gonzalez reserved his right to appeal the trial court's denial of his motion for discharge under the speedy trial rule, Fla.R.Crim.P. 3.191. We affirm.
The record reflects that counsel representing a co-defendant appeared in court and requested a continuance stating that *382 counsel for Gonzalez had no objection. The trial court granted the co-defendant's motion for continuance and charged a continuance to all defendants. The record reflects that at the time the request for continuance was made by the co-defendant counsel for Gonzalez was not in court. During the course of the hearing on the motion for discharge counsel for Gonzalez observed,
I indicated to the court that it was no problem with a continuance at all since obviously I had just been appointed six days prior to that time and obviously it was literally impossible to depose twenty-four witnesses in a six-day period where two days of the six-day period were weekends. In my opinion at the most I acceded to [co-defendant's counsel's] request for continuance not assuming the court charged that one to me as a result of my accession to [co-defendant's counsel's] request for continuance.
The record is therefore clear that counsel for Gonzalez was aware of the continuance and acceded to it.
Under the foregoing facts we believe this case is controlled by Florida Rule of Criminal Procedure 3.191(d)(3)(ii) which provides that a motion for discharge shall be granted unless it is shown that the failure to hold the trial is attributable to the accused, a co-defendant in the same trial, or their counsel. The delay in this case is attributable to the co-defendant's need for further discovery. Gonzalez made no objection to the continuance of his co-defendant and did not move to sever; nor did he demand a speedy trial.
Acquiescence to a co-defendant's motion for continuance operates as a waiver of speedy trial rights where, as here, counsel is apprised of a co-defendant's motion for continuance, participates in subsequent discovery and takes no affirmative action that would put the trial court on notice of a desire to go to trial within the 180-day rule period. See Pieters v. State, 402 So.2d 531 (Fla.3d DCA 1981); State v. Kelley, 322 So.2d 581 (Fla. 1st DCA 1975). There is no claim that the defendant's constitutional speedy trial rights were violated.
The speedy trial rule does not apply to a proceeding to revoke probation. Young v. State, 305 So.2d 307 (Fla. 3d DCA 1974). A probation revocation hearing is a sentencing function, not a trial. State v. Jones, 425 So.2d 178 (Fla. 1st DCA 1983). There is therefore no merit to the claim of speedy trial violations involving the revocation of probation.
Affirmed.