HERSEY, Judge,
dissenting.
Appellant was charged with trafficking in cannabis in March of 1982 and the Public Defender's office was appointed to defend him in the criminal proceedings. Subsequently, he obtained private counsel, Miguel A. Orta, and the Public Defender’s office was permitted to withdraw. Negotiations toward a plea bargain were entered into between counsel, but they proved to be unproductive. Private counsel withdrew and the Public Defender’s office was again appointed to represent Mr. Martin. Shortly after the expiration of 180 days, a motion for discharge under Rule 3.191, Florida Rules of Criminal Procedure, was filed. At a subsequent hearing on that motion for discharge an Assistant State's Attorney represented to the court that prior to expiration of the speedy trial period appellant’s privately retained counsel, Miguel A. Orta, had agreed with the office of the State’s Attorney to waive speedy trial, indicating that counsel would so advise the trial court and would file a written waiver of speedy trial. Also at the hearing on the motion for discharge, the state presented the testimony of Ms. Righton, the trial court’s secretary, to the effect that Mr. Orta had, indeed, called her requesting that the trial court be advised that appellant was waiving speedy trial and would in due course file a written waiver. Obviously, no such written waiver was forthcoming. The trial court also stated on the record that he recalled being advised at the time by his secretary, Ms. Righton, of the nature of the telephone call concerning which she testified.
Rule 3.191(d)(2) provides that the speedy trial period may be extended by stipulation *941 “announced to the court or signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced.”
That a stipulation for waiver of the speedy trial rule was entered into here is evidenced by the testimony of Ms. Righton, the trial court’s own recollection, and comments made on the record by an Assistant State’s Attorney. This is substantial, competent evidence to support a finding that such a stipulation was, in fact, agreed upon. If there was a burden to bring before the court the testimony of Miguel A. Orta, that burden reposed on the appellant, who offered not one whit of evidence to contradict the foregoing recital. We need not indulge any presumption, it being sufficient simply to note that the evidence was all in one direction.
Instructive on the matter of a reasonable interpretation of pertinent aspects of the speedy trial rule is the case of State v. Earnest, 265 So.2d 397 (Fla. 1st DCA 1972). The present case is even more compelling than Earnest, where there was some question as to whether the defendant had personally authorized the waiver of speedy trial. Here there is at least some indication that appellant was present in his attorney’s office when the telephone calls in question were made.
The second district’s conclusion in Redden v. State, 429 So.2d 99 (Fla. 2d DCA 1983) was not based on a finding that contemporaneous record activity supported the trial judge’s recollection. Rather, the court held that the speedy trial rule was not violated even though no transcript of any proceeding which involved a possible waiver had been made. Three facts were set out, with emphasis on the second fact: (1) the State Attorney asserted'the appellant requested the continuances; (2) the court put on the record his recollection that a continuance was granted upon application of the appellant; and (3) appellant’s attorney did not deny the truth of these statements. In the instant case the State Attorney and the judge’s secretary stated on the record that Martin’s first counsel waived speedy trial and the trial judge stated on the record that he recalled being so told by his secretary. Thus, I find this case to be in line with Redden.
The state is not required to prove beyond a reasonable doubt that the defendant waived speedy trial. Further, no Fifth Amendment rights are implicated by suggesting that appellant here had a duty to come forward with evidence, if any existed, to show the absence of a stipulation.
For the foregoing reasons, I respectfully dissent.