HOBSON, Acting Chief Judge.
The state seeks reversal of the lower court’s order granting the defendant’s motion to dismiss. We reverse.
On May 18, 1981, the defendant, Harry Justice, was placed on three years probation for committing the offenses of burgla *1057 ry of a structure and grand theft. On January 11, 1983, an information was filed against Justice alleging that he had committed burglary and grand theft. One week later an affidavit of probation violation was filed alleging that the defendant violated condition (5) of his probation by committing the same burglary offense charged in the information.
On August 19, 1983, the court conducted the probation revocation hearing and concluded that the state failed to show that the defendant committed the act and found that the state did not meet its burden to satisfy the conscience of the court. The defendant then filed a motion to dismiss the information, contending that the information involved an identical transaction which was the subject of the probation revocation hearing and that the doctrine of collateral estoppel required dismissal. The trial court granted the motion and the state appealed.
On appeal the state argues that Green v. State, 450 So.2d 509 (Fla. 3d DCA 1984) and State v. Jones, 425 So.2d 178 (Fla. 1st DCA 1983), support reversal. We agree.
In State v. Jones, the state appealed the trial court’s order granting the defendant’s motion to dismiss an information charging the defendant with aggravated battery. The motion alleged that an affidavit of violation of probation had previously been filed charging, in the same language used in the information, that the defendant had violated her probation by committing the aggravated battery. The motion to dismiss further alleged that at the probation revocation hearing the court found that the defendant had not violated her probation. Just as in the case before us the motion, which was successfully argued, alleged that the subsequent criminal prosecution was barred by the doctrine of collateral estoppel. On appeal, the court reversed, stating:
Collateral estoppel applies against the State only after a defendant is put in jeopardy in the first proceeding. State v. McCord, 402 So.2d 1147 (Fla.1981); State v. Kling, 335 So.2d 614 (Fla. 2d DCA 1976). Jeopardy attaches only when the defendant has been subject to the risks of a determination of guilt. Kling, at 616. Since appellant was not placed in jeopardy in the probation revocation hearing,2 she is not entitled to rely on the doctrine of collateral estoppel in the subsequent criminal prosecution.
2- A probation revocation is a sentencing function, not a trial. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); Young v. State, 305 So.2d 307 (Fla. 3rd DCA 1974), cert. den. 317 So.2d 762 (Fla.1975); McNeely v. State, 186 So.2d 520 (Fla. 2nd DCA 1966). Jeopardy occurs when a person is put upon trial under an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction, and a jury has been sworn and charged or the court begins to hear the evidence. See, State v. R.E.F., 251 So.2d 672 (Fla. 1st DCA 1971), affm'd 265 So.2d 701 (Fla.1972). Since appellee’s probation revocation hearing concerned only her sentence for a prior offense, she may not be said to have been put in jeopardy for the instant offense. Further, the trial judge’s refusal to revoke probation cannot be equated with an adjudication of the criminal charge, since the trial judge is vested with broad discretion to revoke, modify, or continue probation even if the charge is admitted or proved. Section 948.06, Florida Statutes.
Id. at 179.
As footnote 2 of Jones points out, the defendant at the probation revocation hearing was not put in jeopardy for the instant offenses of burglary and grand theft[1] because the revocation hearing concerned only the sentence for the prior offense.
Approximately one year after Jones was decided,, the Third District Court of Appeal considered Green v. State. In Green, the defendant, who was on probation for another offense, was charged with certain offenses that were also named in the affidavit of probation violation. At the probation revocation hearing the court “found that the evidence failed to eliminate his doubt and was insufficient to justify revocation of Green’s probation.” 450 So.2d at 509. The defendant then moved for dismissal of the information upon the ground of collateral *1058 estoppel. The defendant’s motion was denied and the case proceeded to trial, resulting in guilty verdicts of the charged offenses. On appeal, our sister court affirmed the trial court’s order. In so doing, the court relied on State v. Jones as well as State v. McCord, 402 So.2d 1147 (Fla. 1981), which held that collateral estoppel applies against the state under fifth amendment protections against double jeopardy only if jeopardy attached to the first proceeding. The Green court concluded that because a probation revocation proceeding is, in reality, a deferred sentencing hearing and probation review does not subject a defendant to jeopardy, a subsequent criminal prosecution does not violate the constitutional prohibition against double jeopardy. The court certified to the Florida Supreme Court, however, the following as a question of great public importance:
When, in a probation proceeding, the trial judge finds the evidence is insufficient to prove the criminal offense asserted as the ground for revocation, is the state collaterally estopped from trying the defendant for the same criminal offense?
Applying the rationale and holdings of Jones and Green to this case, we hold that the state is not collaterally estopped from prosecuting the defendant for the same criminal offense which was the subject of the defendant’s probation revocation proceeding at which a finding was made by the trial court that the state did not meet its burden to satisfy the conscience of the court that the defendant committed the charged act. Accordingly, we reverse and certify the same question certified in Green.
REVERSED.
CAMPBELL and SCHOONOVER, JJ., concur.

. In fact, the record shows that the grand theft charge was not alleged in the affidavit of probation violation nor was it specifically addressed at the probation revocation hearing.