PER CURIAM.
The state seeks reversal of the lower court’s order granting the defendant’s motion to dismiss based on res judicata and collateral estoppel. We reverse.
The issue below was whether the state was barred on the ground of res judicata or collateral estoppel from prosecuting the substantive offense for which the trial judge ruled there was insufficient evidence upon which to revoke probation in a sepa *656 rate violation of probation hearing. In all essential particulars, this case is identical to State v. Justice, 451 So.2d 1056 (Fla. 2d DCA 1984), and on the authority and reasoning of Justice, we reverse. The Justice court relied in part on Green v. State, 450 So.2d 509 (Fla. 3d DCA 1984), and certified to the Florida Supreme Court as a question of great public importance, the question certified by the Green court as:
When, in a probation proceeding, the trial judge finds the evidence is insufficient to prove the criminal offense asserted as the ground for revocation, is the state collaterally estopped from trying the defendant for the same criminal offense?
Accordingly, we reverse and certify the same question certified in Green and Justice.
Reversed.
GRIMES, A.C.J., and CAMPBELL and LEHAN, JJ., concur.