463 So.2d 1139 (1985)
Vincent GREEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 64771.
Supreme Court of Florida.
February 7, 1985.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Jim Smith, Atty. Gen., and Penny H. Brill and G. Bart Billbrough, Asst. Attys. Gen., Miami, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Third District Court of Appeal reported as Green v. State, 450 So.2d 509 (Fla. 3d DCA 1984), in which the district court held that a determination, at a probation revocation hearing, that the evidence of the instant criminal offense was insufficient to revoke petitioner's probation did not collaterally estop the state from prosecuting him for the same criminal offense. The district court affirmed petitioner's conviction and certified the following question as being of great public importance:
WHEN, IN A PROBATION REVOCATION PROCEEDING, A TRIAL JUDGE FINDS THAT THE EVIDENCE IS INSUFFICIENT TO PROVE THE CRIMINAL OFFENSE ASSERTED AS THE GROUND FOR REVOCATION, IS THE STATE COLLATERALLY ESTOPPED FROM TRYING THE DEFENDANT FOR THE SAME CRIMINAL OFFENSE?
450 So.2d at 509. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and we answer the certified question in the negative, approve the decision of the district court, and find that the probation violation hearing did not put petitioner in jeopardy for the criminal conduct asserted as a basis for revocation.
The facts of this case are as follows. Petitioner, while on probation for robbery, *1140 was arrested and charged by an information with possession of burglary tools, attempted burglary, and criminal mischief. These charges formed the basis for the instant criminal convictions and the probation violation charge. At the probation violation hearing, the trial court determined that the state had not established the elements of the charged criminal offense beyond a reasonable doubt and refused to revoke petitioner's probation.
In the subsequent criminal proceeding on these charges, petitioner moved to dismiss the information, asserting that collateral estoppel prohibited his trial or conviction on the charges. The trial court denied the motion and the cause proceeded to trial. Petitioner was found guilty as charged and the trial judge sentenced him to two concurrent three-year terms.
In upholding the conviction, the district court found that the probation revocation proceeding was a deferred sentencing hearing which did not subject Green to jeopardy for the charged offenses. 450 So.2d at 510. We agree with the district court that no jeopardy attached for the new criminal offenses during the revocation proceeding. The purpose of the revocation hearing was to determine whether the terms of petitioner's probation for a prior offense had been violated. As we have stated previously, this process constitutes a deferred sentencing proceeding. See State v. Payne, 404 So.2d 1055 (Fla. 1981); Delaney v. State, 190 So.2d 578 (Fla. 1966). In the revocation proceeding, petitioner was not subjected to conviction or punishment for his new criminal conduct and, therefore, the double jeopardy clause through the doctrine of collateral estoppel is not applicable. See State v. McCord, 402 So.2d 1147 (Fla. 1981); State v. Jones, 425 So.2d 178 (Fla. 1st DCA 1983). We note that, in an analogous situation, a prosecution may be instituted even though there is a finding of no probable cause at a preliminary hearing. State v. Hernandez, 217 So.2d 109 (Fla. 1968).
Accordingly, for the reasons expressed, we approve the decision and opinion of the district court.
It is so ordered.
BOYD, C.J., and ALDERMAN, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents with an opinion, in which ADKINS, J., concurs.
McDONALD, Justice, dissenting.
Collateral estoppel and double jeopardy are distinct legal concepts. The fact that jeopardy does not attach should not be dispositive of the claim of collateral estoppel. When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in a future lawsuit. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The issue litigated in the probation revocation hearing was exactly the same litigated in the subsequent criminal trial. The chief witness was the same in both proceedings. The judge in the probation revocation hearing, acting as a trier of fact, found the defendant not guilty. Because the parties were the same and the ultimate issues were the same the state should be prohibited from proceeding with the prosecution of the crime for which the defendant was found innocent in the probation revocation hearing.
ADKINS, J., concurs.