PER CURIAM.
Appellant was tried by the court without a jury and convicted and sentenced for the crimes of burglary of a structure with a firearm and robbery with a firearm.
*1356 Appellant seeks reversal of the convictions and sentences on the grounds that 1) double jeopardy barred his subsequent prosecution for the instant offenses which were initially raised, but later withdrawn by the state, as a basis for revoking his probation; 2) the court erred in permitting the admission into evidence of a witness’ prior inconsistent statement which was not revealed during discovery, although it was referred to in a police report furnished to defense counsel prior to trial; and 3) the circumstantial evidence was insufficient to support his convictions.
The grounds relied on by appellant for reversal have been considered in the light of the record, briefs and arguments of counsel and we find that no reversible error has been demonstrated. The record shows that the verdict is supported by the evidence and that the rulings of the trial court challenged by appellant do not constitute harmful error. See Green v. State, 463 So.2d 1139 (Fla.1985); Brumbley v. State, 453 So.2d 381, 384-85 (Fla.1984); State v. Young, 217 So.2d 567, 571 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969); State v. Justice, 451 So.2d 1056 (Fla. 2d DCA 1984); State v. Jones, 425 So.2d 178 (Fla. 1st DCA 1983); State v. Banks, 418 So.2d 1059, 1060 (Fla. 2d DCA), pet. for rev. denied, 424 So.2d 760 (Fla.1982); Floyd v. State, 361 So.2d 802 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1366 (Fla.1979).
Therefore, the judgments of conviction and sentences are affirmed.
Affirmed.