NORTHCUTT, Judge.
The State disputes the dismissal of a charge against Theartis Daniels on the ground that its prosecution would violate the prohibition against double jeopardy. We reverse.
In August 1996, Daniels pleaded guilty in three cases and was placed on community control, followed by probation. In December 1998, he was charged with a new offense, possession of cocaine with the intent to sell or deliver. The State filed an affidavit asserting that the new charge was a violation of Daniels’ probation in the earlier cases. The court held a probation revocation hearing at which it determined *149 that Daniels had violated his probation and sentenced him to imprisonment. Daniels then moved to dismiss the new charge on the ground of double jeopardy, arguing that United States v. Dixon, 509 U.S. 688, 118 S.Ct. 2849, 125 L.Ed.2d 556 (1993), prohibited punishment on the new charge when his probation had already been revoked based solely on that charge. The court agreed and dismissed the new count. This was incorrect.
Dixon does not apply to these facts. In that case, a court found that Dixon had violated a bail release condition by possessing cocaine. The court adjudicated him guilty of criminal contempt and sentenced him to jail. Applying the Blockburger[1] analysis, the Supreme Court held that because Dixon’s drug possession offense did not include any element not included in his criminal contempt conviction, double jeopardy barred subsequent punishment for the cocaine possession charge. See Dixon, 509 U.S. at 699-700, 113 S.Ct. 2849. Here, however, Daniels was not convicted of or punished for any new offense based on his possession ' charge. Rather, the court simply revoked his probation.
A probation revocation is a deferred sentencing for a previously-committed offense. See Green v. State, 463 So.2d 1139 (Fla.1985). Because the proceeding does not subject the defendant to conviction or punishment for his neio offense, the double jeopardy prohibition is not implicated. See Green; State v. Justice, 451 So.2d 1056 (Fla. 2d DCA 1984). We reverse the order dismissing the charge of possession of cocaine with the intent to sell or deliver, and remand for reinstatement of the charge and further proceedings.
PATTERSON, C.J., and STRINGER, J., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).