[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14913

_____

D.C. Docket No. 1:11-cv-21982-JAL

ISAAC D. CASTILLO,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 4, 2015)

Before ED CARNES, Chief Judge, MARTIN, Circuit Judge, and THAPAR,[*]
District Judge.

PER CURIAM:

_____

[*]Honorable Amul R. Thapar, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

Isaac Castillo, a Florida prisoner, appeals the district court's denial of his pro se petition for habeas corpus under 28 U.S.C. § 2254.  Castillo argues that the State of Florida violated his right to a speedy trial because three years lapsed between his arrest for possession of a gun in violation of the terms of his probation and his state probation-revocation hearing.  In the intervening time, Castillo was federally prosecuted as a felon in possession for the same conduct.  He was convicted after a jury trial.  We affirm the district court's denial of Castillo's § 2254 petition on the merits because he failed to show that the Florida state court's decision was contrary to or involved an unreasonable application of clearly established federal law.

## I.

Castillo was arrested in July 2005 for possession of a firearm as a convicted felon.  At the time he was serving three-years probation for a separate unlawful-possession charge from March 2005.  In May 2007, Castillo was sentenced to 235-months imprisonment based on his federal conviction for unlawful possession arising out of the July 2005 arrest.  This Court affirmed his federal conviction in May 2008.  Also arising out of Castillo's July 2005 possession of a firearm, the State of Florida charged Castillo with violating his term of state probation.  The hearing on the probation-violation charge was held in April 2008.  The state probation hearing resulted in a 15-year prison term for Castillo, set to run

2

concurrently with his federal sentence. This state sentence was imposed in July 2008.

Castillo appealed his state sentence to the Florida Third District Court of Appeal and raised his speedy trial claim in a pro se memorandum in that direct appeal. The Court of Appeal affirmed per curiam, without explanation, Castillo's probation revocation and sentence. Castillo moved for rehearing, but the Court of Appeal denied the motion. He did not seek discretionary review in the Florida Supreme Court.

Castillo filed a motion for postconviction relief in Florida state court in December 2009 under Florida Rule of Criminal Procedure 3.850, alleging that his speedy trial rights were violated because the State of Florida waited three years to try him for violating his probation. The state court denied this motion in a summary order without an evidentiary hearing, and Castillo did not appeal this decision. He filed a second Rule 3.850 motion in June 2010 on the speedy trial issue. The state court again denied Castillo's motion in a summary order, and Castillo did not appeal this second decision.

Castillo filed the § 2254 petition now before us in May 2011, again alleging that his speedy trial rights were violated by the three-year delay between his arrest and his state probation-revocation hearing. The magistrate judge concluded that Castillo had failed to exhaust his claim because he did not appeal the denial of the

3

Rule 3.850 motions, and this failure to exhaust created a procedural default.[1]  The district court adopted the magistrate judge's findings and denied Castillo's § 2254 petition.

## II.

We review de novo a district court's denial of a § 2254 habeas petition. Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998).  We review its factual findings in a habeas proceeding for clear error.  Id.  We may affirm the denial of a habeas petition on any ground supported by the record.  Trotter v. Sec'y, Dep't of Corr., 535 F.3d 1286, 1291 (11th Cir. 2008).

Exhaustion presents a mixed question of law and fact, so we review de novo the district court's conclusion that a claim is unexhausted.  Fox v. Kelso, 911 F.2d 563, 568 (11th Cir. 1990).  Before seeking federal habeas relief, a state prisoner must exhaust his claims in state court.  28 U.S.C. § 2254(b)(1)(A).  To exhaust a claim in state court, a petitioner "must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."  Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010); see also Mason v.

---

[1] The magistrate judge also evaluated the merits of Castillo's speedy trial claim, finding that: his speedy trial claim under Florida Rule of Criminal Procedure 3.191 raised only state-law principles not cognizable in a federal habeas claim; his speedy trial right under the Sixth Amendment did not attach to a probation-revocation hearing; and he failed to demonstrate unreasonable delay in connection with his due process–based speedy trial claim because much of the state delay resulted from Castillo's simultaneous federal criminal trial.  The magistrate judge concluded that the state courts' rejection of Castillo's speedy trial claim did not conflict with clearly established federal law and was not based on an unreasonable determination of the facts.

Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam) ("Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." (quotation omitted)).

The district court found that Castillo had not exhausted his speedy trial claim in state court, and treated the claim as procedurally defaulted in denying the § 2254 petition. However, Castillo appears to have exhausted his speedy trial claim on direct appeal. If Castillo properly exhausted his speedy trial claim on direct appeal, the fact that he raised it again in two later-filed Rule 3.850 postconviction motions that he did not appeal does not render the claim unexhausted. See Cone v. Bell, 556 U.S. 449, 467, 129 S. Ct. 1769, 1781 (2009) ("A claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration—not when the claim has been presented more than once."); see also Kennedy v. State, 547 So. 2d 912, 913 (Fla. 1989) (per curiam) (noting that claims that "had been raised or could have been raised on direct appeal" may not be relitigated in Rule 3.850 postconviction-relief proceedings in Florida).

Neither does the fact that Castillo did not seek Florida Supreme Court review of his claim render it unexhausted. In O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728 (1999), the U.S. Supreme Court held that in order to satisfy the exhaustion requirement, a state prisoner must present his claim to a state

5

supreme court in a "petition[] for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847, 119 S. Ct. at 1733. However, that exhaustion rule "turns on an inquiry into what procedures are 'available' under state law." Id., 119 S. Ct. at 1734. Castillo directly appealed his state sentence to the Florida Third District Court of Appeal. He raised his speedy trial claim in that direct appeal, giving notice of it to the Court of Appeal. The Court of Appeal affirmed his conviction per curiam without explanation, in effect deeming that claim meritless. Castillo then moved for rehearing, which the Court of Appeal denied.

Though Castillo did not seek discretionary review in the Florida Supreme Court, he did not need to in this case because such review was not "available" to him under Florida law. See O'Sullivan, 526 U.S. at 847, 119 S. Ct. at 1734. The Florida Supreme Court has ruled that it "does not have jurisdiction to review per curiam decisions of the district courts of appeal that merely affirm." Persaud v. State, 838 So. 2d 529, 531–32 (Fla. 2003) (per curiam). Because the Court of Appeal affirmed Castillo's case per curiam without explanation, the Florida Supreme Court lacked jurisdiction to hear any discretionary appeal he might have made, rendering his claim exhausted.

6

III.

Even though the district court improperly denied Castillo's claim on procedural grounds, the dismissal must be upheld on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Castillo has not shown that the state court's decision on the merits was contrary to or involved an unreasonable application of clearly established federal law.

Under § 2254(d), a federal court may only grant habeas relief on claims that were adjudicated in state court on the merits if the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court holdings. 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to established Supreme Court precedent if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on materially indistinguishable facts. Borden v. Allen, 646 F.3d 785, 817 (11th Cir. 2011). "An unreasonable application of federal law is not simply an erroneous or incorrect application; it must be objectively unreasonable." Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1333 (11th Cir. 2009).

7

We review de novo the district court's decision as to whether a state court acted contrary to or unreasonably applied clearly established federal law in postconviction proceedings. Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1239 (11th Cir. 2010). However, we defer to a state court's merits determination in a habeas case. See id. ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." (quotation omitted)). The state court does not need to expressly identify the relevant Supreme Court precedent or perfectly state the applicable rule of law, or provide a "detailed opinion covering each aspect of the petitioner's argument" to merit deference. Smith, 572 F.3d at 1333; see also Harrington v. Richter, 562 U.S. 86, 98–100, 131 S. Ct. 770, 784–85 (2011) (noting that a summary ruling without reasoning is entitled to AEDPA deference).

Castillo offers three legal bases in support of his claim that his speedy trial rights were violated: Florida Rule of Criminal Procedure 3.191, the Sixth Amendment of the U.S. Constitution, and the Due Process Clause of the U.S. Constitution. Castillo's claim based on Rule 3.191 is not cognizable on federal habeas review because it involves only state procedural rules and not errors of federal constitutional dimension. See Davis v. Wainwright, 547 F.2d 261, 264 (5th

8

Cir. 1977).[2]  Florida's speedy trial rule also does not apply to a probation revocation hearing such as Castillo's, because a probation revocation proceeding is a sentencing function as opposed to a trial.  Gonzalez v. State, 447 So. 2d 381, 382 (Fla. 3d DCA 1984) (per curiam).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  U.S. Const. Amend. VI. However, probation-revocation hearings are not criminal prosecutions protected by the Sixth Amendment, and thus defendants such as Castillo are not constitutionally guaranteed a speedy hearing.  See Gagnon v. Scarpelli, 411 U.S. 778, 781–82, 93 S. Ct. 1756, 1759 (1973); United States v. Taylor, 931 F.2d 842, 848 (11th Cir. 1991) (per curiam).

The Supreme Court instructs that the Due Process Clause protects the liberty interests of individuals such as Castillo in a probation hearing, because probation-revocation proceedings may result in a loss of liberty.  Gagnon, 411 U.S. at 781, 93 S. Ct. at 1759.  To satisfy due process, a person facing a probation revocation must receive a preliminary hearing at the time of his arrest to determine whether there is probable cause to support a parole violation, and a "somewhat more comprehensive hearing prior to the making of the final revocation decision."  Id. at

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.  Id. at 1209.

781–82, 93 S. Ct. at 1759.  The revocation hearing must occur "within a reasonable time after the [individual] is taken into custody."  Morrissey v. Brewer, 408 U.S. 471, 488, 92 S. Ct. 2593, 2603–04 (1972).

In order to show that the state court's rejection of his due process–based speedy trial claim was an unreasonable application of Supreme Court law, Castillo would have to show that no "fairminded jurist[]" could disagree that the state court unreasonably applied Supreme Court precedent.  See White v. Woodall, 134 S. Ct. 1697, 1705–06 (2014).  Castillo is not able to show this because the Supreme Court has never explained what due process requirements must be satisfied with respect to the timing of a probation-revocation hearing.  All the Supreme Court has said is that the hearing must be tendered "within a reasonable time" after the individual is taken into custody.  Morrissey, 408 U.S. at 488, 92 S. Ct. at 2603–04.

Though the Supreme Court has yet to articulate a rule for deciding when such a delay violates an individual's due process rights, it has provided a framework for evaluating whether a speedy trial violation occurred under the Sixth Amendment.  See Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972).  Factors we may consider include (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.  Id.  Our court has assumed without deciding that this test might be a

10

workable framework for addressing due process challenges to delays in probation-revocation hearings.  See Taylor, 931 F.2d at 848.

Even employing this test to evaluate Castillo's speedy trial claim, he has failed to demonstrate an unreasonable application of clearly established federal law.  At least three of the factors potentially weigh against him: First, there is some justification for the delay because Castillo faced a federal prosecution, jury trial, and appeal in the time between his arrest and his state probation-revocation hearing.  He was in federal, not state, custody during the pendency of the federal proceedings.  Second, Castillo did not assert his right to a speedy trial at any point during the three-year period—he raised the issue for the first time during the appeal of his state probation decision.  Third, Castillo cannot show prejudice from this delay because he failed to identify any potential witnesses or items of evidence that were lost as a result of the delay.  See United States v. Clark, 83 F.3d 1350, 1354 (11th Cir. 1996) (per curiam).  We conclude that the Florida state court's denial of Castillo's speedy trial claim was not an unreasonable application of governing Supreme Court precedent.

For these reasons, we affirm the district court's denial of Castillo's § 2254 petition for a writ of habeas corpus.

**AFFIRMED.**

11