# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2267
_____

LEON BERNARD CAMEL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

June 12, 2024


RAY, J.


Leon Bernard Camel appeals from an order sentencing him to prison following the revocation of his probation. He argues that the trial court should not have considered the victim's statement from the underlying offenses because Marsy's Law does not apply to probation violation proceedings. We affirm.

In 2017, Camel was arrested for physically attacking his girlfriend and stealing some of her possessions. He later entered a plea of no contest to burglary of a dwelling, domestic battery by strangulation, and harassing a victim. He was sentenced to prison followed by a term of probation.

After serving his time in prison, he violated his probation twice. He violated the second time by committing new crimes of aggravated battery with a deadly weapon and domestic battery by strangulation when he physically attacked his boyfriend.

At his sentencing hearing on the probation violation charges, the State introduced his girlfriend's sworn statement to police from the 2017 case as a victim impact statement under Marsy's Law. Camel objected, arguing that a probation violation hearing is not an initial sentencing proceeding for the underlying offenses and thus Marsy's Law does not apply. The trial court overruled the objection, revoked Camel's probation, and sentenced him to prison.

In this appeal, Camel asks us to vacate his sentence and remand for resentencing without consideration of the victim's statement. He argues that the victim's statement was considered by the trial court when he was originally sentenced, and Marsy's Law does not apply to post-adjudicatory proceedings like a probation violation hearing.

Marsy's Law is a colloquial reference to a Florida constitutional amendment, approved by the voters in 2018, that provides crime victims with meaningful and enforceable rights and protections. *See* Art. I, § 16(b)–(e), Fla. Const. Contrary to Camel's argument, the plain text of Marsy's Law shows that it applies when a defendant is sentenced at a violation of probation hearing. It gives victims the right to be present at "*all* public proceedings *involving the criminal conduct* [that implicates the victim], including *but not limited to* . . . sentencing." Art. I, § 16(b)(6)a., Fla. Const. (emphasis added). It gives them "[t]he right to be heard in *any* public proceeding involving . . . sentencing . . . and *any* proceeding during which a right of the victim is implicated." *Id.* at (b)(6)b. (emphasis added). It gives them "[t]he right to provide information regarding the impact of the offender's conduct on the victim . . . and to have *any* such information considered in *any* sentencing recommendations submitted to the court." *Id.* at (b)(6)d. (emphasis added). And it gives victims "[t]he right to be informed of *all postconviction processes and procedures*, *to participate in such processes and procedures*, [and] to provide information to the release authority to be considered before any release decision is made." *Id.* at (b)(6)g. (emphasis added).

In sum, if the defendant is facing legal consequences for his criminal conduct, then the victim has the right to be heard when a court or other authority decides what those consequences will be. The amendment does not create an exhaustive list of every possible proceeding involving the defendant's criminal conduct, nor does it list specific exclusions.

Camel asks us to read Marsy's Law as applying only at an initial sentencing proceeding. But that interpretation would add words that are *not* in the text of the amendment while ignoring words that *are* in the text. The law applies to any proceeding involving a defendant's criminal conduct that implicates the victim's rights. It specifically includes sentencing, and sentencing after a revocation of probation is simply a deferred sentencing proceeding. *Green v. State*, 463 So. 2d 1139, 1140 (Fla. 1985) ("As we have stated previously, this process constitutes a deferred sentencing proceeding."); *Shields v. State*, 296 So. 3d 967, 972 (Fla. 2d DCA 2020) ("[A] sentencing after a revocation of probation is, for all intents and purposes, just a resentencing on the original offense."); *see also* § 948.06(2)(b), Fla. Stat. (stating that if probation is revoked, a court shall "impose *any sentence which it might have originally imposed* before placing the probationer on probation") (emphasis added); § 921.002(1)(g), Fla. Stat. (stating that under the Criminal Punishment Code, a trial court "may impose a sentence up to and including the statutory maximum for any offense, *including an offense that is before the court due to a violation of probation* or community control") (emphasis added); § 921.143(1), Fla. Stat. (requiring that a trial court allow a victim to be heard prior to sentencing).

It is also significant that an expressed intent behind Marsy's Law is to "ensure that crime victims' rights and interests are respected and protected by law in a manner *no less vigorous* than protections afforded to criminal defendants and juvenile delinquents." Art. I, § 16(b), Fla. Const. (emphasis added); *and see State v. Hicks*, 478 So. 2d 22, 23 (Fla. 1985) (holding that a defendant has a right to counsel in probation revocation proceedings). Camel's interpretation turns that animating goal on its head by respecting and protecting a victim's rights and interests *less* vigorously than those of the defendant. He would

3

have the right to be heard with an attorney at his sentencing and argue for mitigation or leniency, but his victim would be silenced.

Because Marsy's Law applies at probation violation proceedings, the trial court did not err by considering the victim's sworn statement when it sentenced Camel following the revocation of his probation. We therefore affirm.

AFFIRMED.

LEWIS and KELSEY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Jessica J. Yeary, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.