**John Lewis WASHINGTON,**
**Petitioner-Appellant,**

v.

**John C. WATKINS, Commissioner, Mississippi Department of Corrections, et al., Respondents-Appellees.**

No. 80–3072.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Dec. 3, 1981.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Robert J. Brantley, Jr., Patrick Dale O'Rourke, Jackson, Miss., for petitioner-appellant.

Grady F. Tollison, Jr., Oxford, Miss., Anthony G. Amsterdam, Stanford Univ. Law School, Stanford, Cal., James S. Liebman, Joel Berger, John C. Boger, Judith Reed, Deborah Fins, New York City, Billy Gore, Sp. Asst. Atty. Gen., Jackson, Miss., for respondents-appellees.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before WISDOM, COLEMAN and RANDALL, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is DENIED and the judges in regular active service of this Administrative Unit having been polled at the request of one of said judges and a majority of said judges not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16; Fifth Circuit Judicial Council Resolution of January 14, 1981), the Suggestion for Rehearing En Banc is also DENIED.

The Suggestion for Rehearing En Banc filed by the Respondents-Appellees described the jury instruction given in this case (discussed in Part III of the court's opinion, *Washington v. Watkins,* 655 F.2d 1346, 1367–77 (5th Cir. 1981)), as "patterned after Mississippi Model Jury Instruction 114.07" (Respondents-Appellees Suggestion for Rehearing En Banc at i) and represented that the instruction given "is presently in use throughout the State of Mississippi." *Id.* at ii, n. 1. In view of the fact that the court's opinion in this case suggested that, for several reasons specified in the opinion, 655 F.2d at 1377, the practical impact of its holding should be relatively narrow, the State's representation in the Suggestion for Rehearing En Banc caused us to obtain a copy of Mississippi Model Jury Instruction

No. 114.07, as in effect during at least a part of 1977 (the year of Washington's trial). The relevant portion follows:

If an element of aggravation is found to exist, then you must consider whether there are mitigating circumstances which outweigh the aggravating circumstance(s). Consider the following element(s) of mitigation in determining whether the death penalty should not be imposed:

(1) That the defendant has no significant history of prior criminal activity.

(2) That the defendant was under the influence of extreme mental or emotional disturbance when the offense was committed.

(3) That the victim participated in the defendant's conduct or consented to the act.

(4) That the defendant was an accomplice to the capital murder committed by another person and the defendant's participation was relatively minor.

(5) That the defendant was under extreme duress or under the substantial domination of another person.

(6) That the capacity of the defendant to appreciate the criminality of this conduct or to conform his conduct to the requirements of law was substantially impaired.

(7) The defendant's age at the time of the capital murder.

(8) Any other facts which you find from the evidence reasonably mitigates against imposition of the death penalty.

If you find from the evidence that [one or more of] the preceding element(s) constitutes a mitigating circumstance(s), then you must consider whether [it/they] outweigh(s) the aggravating circumstances you previously found, and you must return one of the following verdicts....

If the instruction given in this case was, in fact, patterned after the Model Jury Instruction, a comparison of the instruction given (reproduced at 655 F.2d 1367–68) and the Model Jury Instruction demonstrates

that, whether by design or by inadvertence, the trial judge omitted paragraph (8) of the Model Jury Instruction, which authorizes the jury to consider "any other facts which you find from the evidence reasonably mitigates [sic] against imposition of the death penalty."

We assume that the State's seemingly equivocal representations to the district court (described at 655 F.2d 1377, n. 59) and its representations to this court in the Suggestion for Rehearing En Banc were inadvertent. In any event, they did place upon the district court and have placed on this court unnecessary and regretable burdens.