Henry Rufus Joiner was convicted of sexual abuse in the first degree of the 12-year-old daughter of his nine-year common law wife, and was sentenced to six years' imprisonment. On appeal, he raises only one issue: whether the fact of a custody hearing for the child in juvenile court stops the state from proceeding criminally against him in this case.
When the child first made complaint, the Baldwin County Department of Pensions and Security investigated and then petitioned the juvenile court for temporary custody of the child. The petition alleged that the child was "dependent" in that she reported having been sexually abused by the accused. After a hearing, District Judge Phillip Nesbitt, acting as judge of the juvenile court, entered an order granting temporary custody of the 12-year-old child to *Page 82 
the Baldwin County Department of Pensions and Security. The facts were presented to the next term of the grand jury and an indictment was returned against the appellant. He preserved this issue by moving to dismiss, contending that the state was relitigating the issue of whether he had sexually abused the alleged victim. In Ashe v. Swenson, 397 U.S. 436,90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the United States Supreme Court incorporated the doctrine of collateral estoppel into the fifth amendment prohibition against double jeopardy. The fifth amendment prohibition applies to the states through the fourteenth amendment. Benton v. Maryland, 395 U.S. 784,89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
The Supreme Court in Ashe stated:
 " 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . ."
Judge John C. Tyson III, of this court, at 37 Alabama Lawyer 208 (1976), reviewed the application of Ashe to state criminal proceedings.
In White v. State, 378 So.2d 239 (Ala.Cr.App. 1979), Judge Clark, speaking for this court, stated in pertinent part:
 " . . . [B]ut collateral estoppel is not applicable unless some material issue in the second case between the same parties, or their privies, as to another cause of action, was actually decided, expressly or by necessary implication in the first case. Stone v. William Steinen Manufacturing Co., 7 N.J. Super. 321, 70 A.2d 803, 807 (1949); In re Williams Estate, 36 Cal.2d 289, 223 P.2d 248, 22 A.L.R.2d 1116 (1950)."
The petition of the Department of Pensions and Security for temporary custody of a child alleged to have been abused is the former proceeding relied on by appellant. The second proceeding is, of course, a proceeding of the State of Alabama against the appellant — a prosecution for sexual abuse in the first degree.
Judge Nesbitt's order in the juvenile proceeding read, in part: "The court having noted the facts of the case showing that the child is being subjected to physical or emotional harm or threatened harm and the court having noted that immediate removal from the home was necessary for the child's well-being. . . ." The juvenile court also ordered the child's mother to pay child support. The appellant was not a party to the juvenile proceedings in which the issue was the welfare of the child. The closest the court came to a factual finding was to "note . . . facts" showing that the child was "being subjected to physical or emotional harm or threatened harm." The juvenile court then awarded temporary custody to the Department of Pensions and Security. The facts in no way bear out appellant's contentions.
The doctrine of double jeopardy or collateral estoppel does not apply to child custody hearings. "It has been generally stated that the doctrine of double jeopardy, as developed under the common law or the constitution, has strict application to criminal prosecution only." Moore v. State, 481 So.2d 914, 916
(Ala.Cr.App. 1985).
At 22 C.J.S. Criminal Law, § 240 (1961), it is stated:
 "It is a basic principle that the doctrine of double jeopardy, in either its constitutional or its common law sense, has a strict application to criminal prosecutions only. . . . It has been stated that the rule of double jeopardy is applicable only when the first prosecution involves a trial before a criminal court, or at least a court empowered to impose punishment by way of fine, imprisonment, or otherwise, as a deterrent to the commission of a crime; but it also has been stated that the protection against double jeopardy applies to all proceedings irrespective of whether they are denominated civil or *Page 83 
criminal, if the outcome may be the deprivation of a person of his liberty."
The outcome of a child custody hearing may not deprive a person of his liberty; such a hearing, therefore, is not a proceeding subject to the doctrine of double jeopardy or collateral estoppel.
Appellant's argument, if accepted, would require an election between removing a child from an undesirable home situation on the one hand, and prosecuting an abusive person on the other hand. We reject this argument and hold that juvenile custody proceedings will not estop the state from prosecuting an alleged child abuser.
AFFIRMED.
All the Judges concur.