Hunter Hall appeals from the denial of his petition for writ of error coram nobis. In 1985, Hall was convicted of the second degree rape of one of his daughters and the attempted first degree sexual abuse of another daughter. On appeal, this court *Page 1375 
affirmed the rape conviction, but reversed the attempted sexual abuse conviction, holding that the latter was barred by the statute of limitations. Hall raises five issues on appeal.
 I
First, Hall claims that he was placed in double jeopardy when he was tried in circuit court on the criminal indictments after a juvenile court had previously considered the rape and sexual abuse allegations of a dependency petition under § 12-15-52, Code of Alabama (1975), and had decreed that his children be removed from his home, pursuant to § 12-15-71(a)(2).
Hall raised the same issue on appeal, see Hall v. State,497 So.2d 1145, 1147 (Ala.Cr.App. 1986), and this court found that, because the juvenile proceedings were not included in the record on appeal, the issue was not properly before us. Now, although the juvenile proceedings have been included in the record on appeal from denial of the coram nobis petition, the issue is still not properly before us. Because the double jeopardy question is one which could have been fully reviewed on appeal (had defendant-petitioner presented us with a complete record), petitioner is procedurally barred from presenting the question on coram nobis; see, Jackson v. State501 So.2d 542, 544 (Ala.Cr.App. 1986), cert. denied, Jacksonv. Alabama, ___ U.S. ___, 107 S.Ct. 3242, 97 L.Ed.2d 746
(1987); Coulter v. State, 494 So.2d 895, 904 (Ala.Cr.App. 1986). Furthermore, "[t]he writ is concerned only with errors of fact," Summers v. State, 366 So.2d 336, 339-40 (Ala.Cr.App. 1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala. 1979), and questions of law are not proper grounds for a writ of error coram nobis. Comment, "Post Conviction Remedies in Alabama," 29 Ala.L.Rev. 617, 636 (1978).
Finally, even if Hall were not procedurally barred from raising the jeopardy claim, he would lose on the merits. The precise issue he raises was presented and decided adversely to his position in Joiner v. State, 500 So.2d 81 (Ala.Cr.App. 1986). In Joiner, this court held that the doctrine of collateral estoppel incorporated into the Fifth Amendment prohibition against double jeopardy did not bar the State from prosecuting the accused for sexual abuse following a juvenile court's decree granting temporary custody of his child to the Baldwin County Department of Pensions and Security.
Although we disavow some of the language in Joiner, specifically the observation that "The outcome of a child custody hearing may not deprive a person of his liberty," 500 So.2d at 83, in light of the provision of § 12-15-13(c), Code of Alabama (1975); that whoever willfully causes a child to become dependent may be guilty of a misdemeanor, we note that in neither Joiner nor the present case was the father, in fact, adjudged guilty of the misdemeanor by the juvenile court. Additionally, in neither Joiner nor the present case was the accused a party to the juvenile court proceeding. Last, in both cases, the same juvenile court judge entered identical disposition orders, with no specific finding of sexual abuse but only a finding that the children were "being subjected to physical or emotional harm or threatened harm." Thus, as theJoiner court held, "collateral estoppel is not applicable unless some material issue in the second case between the same parties, or their privies, as to another cause of action, was actually decided, expressly or by necessary implication in the first case." Joiner v. State, 500 So.2d at 82, quoting fromWhite v. State, 378 So.2d 239, 244 (Ala.Cr.App.), cert. denied,378 So.2d 247 (Ala. 1979).
 II
Next, Hall contends that he is entitled to a new trial because his daughter recanted her trial testimony. There was evidence presented at the coram nobis hearing that, following Hall's conviction, the daughter contacted Hall's attorney and recanted her earlier testimony. However, at the coram nobis hearing Hall's daughter reaffirmed her trial testimony, stated that her father had, in fact, engaged in sexual intercourse with her, and explained her recantation *Page 1376 
to her father's attorney as a product of her desire to be removed from the foster home in which she was placed.
 "[R]ecantation by witnesses called on behalf of the prosecution does not necessarily entitle defendant to a new trial. The question of whether a new trial shall be granted on this ground depends on all of the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial. Moreover, recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. . . . [T]he courts, with their experience with witnesses, generally pay but little regard to the statements of recanting witnesses, and only in extraordinary cases will a new trial be allowed because of recanting statements." Robinett v. State, 494 So.2d 952, 955 (Ala.Cr.App. 1986) (citations omitted).
The trial court made the following finding on this issue:
 "The court finds from the evidence that the victim of the crime has not recanted her testimony and there is no reason to grant the petitioner's writ on the basis that the victim testified falsely at trial on the grounds of newly discovered evidence."
The trial court's finding was fully supported by the evidence and will not be disturbed on appeal.
 III
Hall argues that the statement he made to a social worker investigating the allegations of abuse should have been inadmissible because the social worker did not inform him of his Miranda rights. Aside from the fact that petitioner is procedurally barred from raising this issue because it is one which could have been raised on direct appeal of his convictions, see Jackson v. State, supra; Coulter v. State, supra, it is clear that Hall was not in custody at the time he spoke with the social worker and that Miranda warnings were not required. Fain v. State, 462 So.2d 1054 (Ala.Cr.App. 1985). "Miranda has been held inapplicable to questioning by . . . welfare investigators." W. LaFave and J. Israel, CriminalProcedure § 6.10(c) at 542 n. 32 (1984).
 IV
Hall insists that his counsel was ineffective for failing to conduct pre-trial interviews with the prosecuting witnesses (his daughters) and for failing to inform him of three plea bargain offers made by the district attorney.
 A.
At the coram nobis hearing Hall's trial counsel testified as follows:
"Q Did DPS allow you to talk to the children?
"A We never talked to the children.
 "Q You were prevented from interviewing the children, is that correct?
 "A During that time, we tried to talk to the children but the district attorney's office would never let us interview the children that DPS had custody of."
Hall was tried in August 1985. On May 29, 1985, Act No. 85-742 (later codified at § 15-1-2, 1975 Code of Alabama (Supp. 1985)), became effective. It provides, in pertinent part, the following:
 "The presiding judge of a judicial circuit, after consultation with the district attorney for the judicial circuit may provide for reasonable limits on the number of interviews a victim of sexual abuse or exploitation, who is under 12 years of age, must submit to for law enforcement or other purposes. The judge shall, to the extent possible, protect the victim from the psychological damage of repeated interrogation while preserving the rights of the public, the victim, and the person charged with the violation."
Hall argues that his trial counsel was ineffective for failing to request an interview with the two prosecuting witnesses pursuant to § 15-1-2. Since both prosecuting witnesses were over the age of twelve years in 1985, § 15-1-2
had no application to them. Nevertheless, Hall's allegation that his attorney was ineffective may be dealt with as we would deal with any other allegation that counsel's performance *Page 1377 
was deficient because he failed to investigate or to interview witnesses. In Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court noted that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." 466 U.S. at 691, 104 S.Ct. at 2066. Applying the Strickland standard, trial counsel's failure to interview Hall's two daughters prior to trial was not unreasonable.
Counsel testified that he had represented Hall for over a year prior to trial, "did extensive interviewing of family members a long time before any indictments," "interviewed everybody that we were allowed to interview that had any possible knowledge, information dealing with both allegations or any allegations against both children. Including, we brought out at trial, some of the information involving these children and brother and cousin and other related matters. There were not any witnesses that we were aware of that had any information that we did not talk to or have available to testify at the trial."
Evidence elicited at the coram nobis hearing indicates that trial counsel brought out the fact that the two victims had engaged in sexual activity with their brother and cousin. The basis for admitting this evidence is not clear from the record before us. In any event, it is apparent that trial counsel's cross-examination of the victims was anything but perfunctory. Thus, granting a "heavy measure of deference to counsel's judgments" as Strickland requires us to do, we must assume that the failure to demand interviews with the prosecuting witnesses was based upon counsel's conclusion that the witnesses were unwilling to talk with him and that other avenues of investigation provided him with a means of discrediting the witnesses' testimony.
 "Counsel's performance is not deficient or inadequate where he is unable to interview a potential witness because of unwillingness of the witness to talk with him. Lindhorst v. United States, 658 F.2d 598, 604 (8th Cir. 1981), cert. denied, 454 U.S. 1153, 102 S.Ct. 1024, 71 L.Ed.2d 309 (1982) (witness was personally hostile to defendant); Washington v. Watkins, 655 F.2d 1346, 1358 (5th Cir.), reh. denied, 662 F.2d 1116 (1981), cert. denied, 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982) (witness was police officer under instructions not to talk with attorney). Defense counsel cannot be faulted under such circumstances. . . . The performance of counsel in this regard was not deficient or inadequate." Luke v. State, 484 So.2d 531, 533 (Ala.Cr.App. 1985).
 B.
Trial counsel testified that three plea bargain offers were made by the district attorney during the trial and that all three offers were communicated to Hall, who refused them, stating, "I didn't do it and I shouldn't plead guilty to something that I didn't do." Hall's trial attorney testified that when he communicated the offers to his client, some of Hall's family members were present. When called to testify, those family members stated that they did not hear defense counsel relate any settlement offers to Hall. The trial judge, who was in the best position to resolve the conflicting testimony on this point, entered the following finding:
"The court finds from the evidence that the defendant did not have ineffective representation at the trial level and that the trial attorney did, in fact, fully communicate with the petitioner concerning all material phases of the defense."
The court's determination is supported by the evidence and will not be overturned here.
 V
Finally, Hall maintains that the consolidation of charges against him was error. Again, he is procedurally barred from raising this issue since it is a matter which *Page 1378 
could have been presented on direct appeal of his convictions.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.