ON RETURN TO REMAND
TAYLOR, Judge.
In accordance with our Supreme Court’s decision in Ex parte Stringfellow, 565 So.2d 147 (Ala.1990), we reversed and remanded this case to the Circuit Court for Lee County, 565 So.2d 150 so that the appellant, who was convicted of sodomy in 1985, could have the opportunity to amend his Rule 20, A.R.Crim.P.Temp., petition. The record filed by the circuit court shows that the appellant’s petition was amended and a hearing was held on the new allegations. The appellant alleged that he should be entitled to a new trial based on prosecu-torial misconduct. Specifically, he alleges that after the conviction and prior to sentencing, the victim made a statement to her mother that she had made up everything. He contends that the prosecutor erred in not calling this alleged recantation to the attention of the trial court.
At the very least, the facts were in dispute about whether the victim denied that the incident took place. The victim did not testify at the hearing. The evidence at the hearing showed that the victim visited the offices of a Phenix City attorney in 1988, three years after the appellant was convicted, and told the attorney that her testimony had been a lie. When the victim came to the attorney’s office, she was accompanied by her mother. The attorney drafted an affidavit for the victim to sign, but she never returned to his office.
Ronald Myers, the district attorney in Lee County, testified that the victim and *109 several men came to his office, that he could not remember when, and that the victim told him in front of the men that she had made up everything. Mr. Myers also stated that when he spoke to the girl privately and asked her to tell him the truth, she told him that she was sodomized by the appellant and that she said what she did about not being sodomized because she was afraid.
The trial court in its order stated the following:
“The Court has considered the testimony and evidence. The Court finds as follows: there was no prosecutorial misconduct in this case; evidence is insufficient to warrant overturning the conviction of Petitioner; and the Petitioner has not met his burden of proof in establishing the matters set forth in his Petition.
“The Petition is therefore DENIED.”
The trial court’s decision is supported by the record. As this Court stated in Hall v. State, 521 So.2d 1373 (Ala.Cr.App.1988):
“ ‘[RJecantation by witnesses called on behalf of the prosecution does not necessarily entitle defendant to a new trial. The question of whether a new trial shall be granted on this ground depends on all of the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial. Moreover, recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true.... [TJhe courts, with their experience with witnesses, generally pay but little regard to the statements of recanting witnesses, and only in extraordinary cases will.a new trial be allowed because of recanting statements.’ Robinett v. State, 494 So.2d 952, 955 (Ala.Cr.App.1986) (citations omitted).”
Hall, 521 So.2d at 1376.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.