KLEIN, Judge.
The issue presented in this case is whether a denial of a petition for dependency bars a criminal action against the parent based on the same misconduct as the dependency case. We conclude the criminal action is not barred.
The petition for dependency alleged that Terri Freund left her two minor children, ages 1 and 5, alone and unsupervised, and that during that time the 1 year-old was injured when struck by a car. At the conclusion of the hearing on dependency the court denied the petition without making findings of fact.
The state subsequently filed an information alleging criminal child neglect under section 827.05, Florida Statutes (1989), based on the same facts. The county court dismissed the information, concluding that the doctrine of collateral estoppel barred the mother’s prosecution. The state appealed to the circuit court, which affirmed, and the state seeks certiorari. Our review by certiorari of a decision of a circuit court acting in its appellate capacity is limited to determining whether the circuit court followed procedural due process and the essential requirements of law. State v. Macias, 481 So.2d 979, 980 (Fla. 4th DCA 1986). We conclude review is appropriate here.
In Mobil Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla.1977), our supreme court stated:
Collateral estoppel, or estoppel by judgment, is a judicial doctrine which in general terms prevents identical parties from relitigating issues that have previously been decided between them. The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a *1045 final decision of a court of competent jurisdiction. (Footnotes omitted).
Collateral estoppel,[1] although applied primarily in civil cases, has long been established in federal criminal law. United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916). The fact that the issue involved was decided in a prior civil action, rather than criminal, does not prevent collateral estoppel from applying to a subsequent criminal prosecution. Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), overruled on other grounds, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Since the Fifth Amendment guaranty against double jeopardy is the basis of collateral estoppel in criminal proceedings, Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), collateral estop-pel is applicable to state criminal cases, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Double jeopardy prohibits the prosecution of the crime itself, while collateral estoppel prohibits the state from relitigating certain facts in order to establish a crime. Davis v. State, 459 So.2d 1120 (Fla. 3d DCA 1984); United States v. Mock, 604 F.2d 341, 343-44 (5th Cir.1979), aff'd on remand, 640 F.2d 629 (5th Cir.1981).
Although the precise issue confronting us has not previously been decided in Florida, courts in other states have concluded that a denial of a petition for dependency does not bar a criminal prosecution even where there is a specific finding in the dependency case that the misconduct did not occur. In State v. Cleveland, 58 Wash.App. 634, 794 P.2d 546, 551 (Ct.1990), rev. denied, 115 Wash.2d 1029, 803 P.2d 324 (1990), and cert. denied, 499 U.S. 948, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991), the petition for dependency alleged that a stepfather had sexually abused his 8 year-old stepdaughter and that the child’s mother was not taking appropriate action to prevent it. The trial court found that the state had not shown by a preponderance of the evidence that the alleged sexual abuse had occurred and dismissed the petition. Criminal charges were then brought, the stepfather was convicted, and he argued on appeal that his prosecution was barred by collateral estoppel. In concluding that the criminal prosecution was not barred, the court stated:
Dependency proceedings are often attended with a sense of urgency, are held as promptly as reasonably possible, and the entire focus of the proceeding is the welfare of the child. The focus being more narrow than in a typical felony trial, the State normally does not need, nor does it perform, the extensive preparation typically required for felony trials.
Furthermore, the prosecutor uses many more resources in developing a felony prosecution than those available and used in the typical dependency hearing. Dependency is decided by a judge, while felony trials are usually tried to a jury. In addition, if the State was faced with application of the doctrine of collateral estoppel to findings in dependency proceedings, there could well be a reluctance to conduct dependency proceedings in cases where one or more of the same issues would arise in subsequent criminal prosecutions.
In People v. Gates, 434 Mich. 146, 452 N.W.2d 627, 633 (1990), cert. denied, 497 U.S. 1004, 110 S.Ct. 3238, 111 L.Ed.2d 749 (1990), the defendant alleged that collateral estoppel barred a criminal prosecution for sexual misconduct involving his child, where a dependency proceeding based on the same conduct resulted in a finding of no dependency. In concluding that collateral estoppel would not be a bar, the Michigan Supreme Court noted that if the possibility of a finding of no dependency would preclude criminal prosecution,
[t]he prosecutor would face an unfortunate choice that is not in the public interest: whether to proceed on the petition in probate court because of concern for the child, or to delay the probate proceeding because of concern that a verdict of nonjurisdiction would preclude criminal prosecution of the accused.
*1046 We are persuaded by public policy considerations that such an election between criminal and child-protective proceedings should not be judicially imposed through the application of collateral estoppel. See Joiner v. State, 500 So.2d 81 (Ala.Crim. App., 1986).
Consistent with the above authorities and relevant to the issue are two exceptions to the application of collateral estoppel found in Restatement (Second) of Judgments § 28 (1980), p. 273:
Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
[[Image here]]
(3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them....
(5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action.
There is an additional reason why collateral estoppel should not apply. Whether or not a particular incident of child abuse has taken place is not conclusive on the outcome of the dependency proceedings. A court can determine that child abuse has occurred, but still conclude that the child’s home or environment is not an unfit place. State v. Powell, 120 Idaho 707, 819 P.2d 561 (1991) (collateral estoppel does not bar criminal prosecution for lewd conduct with a minor where defendant/father was absolved in child-protective proceeding).
We therefore conclude that a denial of a petition for dependency does not preclude a criminal charge based on the same misconduct involved in the dependency proceeding, quash the circuit court order affirming dismissal of the information, and remand for further proceedings.
DELL, C.J., and POLEN, J., concur.

. Collateral estoppel is an aspect of res judicata; however, some authorities now call collateral estoppel “issue preclusion” and res judicata "claim preclusion”. Restatement (Second) of Judgments § 27 (1980).