ORFINGER, J.
Michael Jude Criner challenges his conviction for three counts of lewd or lascivious molestation of a child under twelve years of age. We affirm, but write to address Criner’s argument that the trial court should have granted his motion to dismiss based on his contention that the State was collaterally estopped from relit-igating the allegations of lewd or lascivious molestation, which had been previously litigated in an earlier termination of parental rights (“TPR”) proceeding. In the TPR proceeding, the Department of Children and Families (“DCF”) sought to terminate Criner’s parental rights to his daughter, the victim in this case. The TPR court denied the petition, determining that DCF failed to prove sexual abuse by clear and convincing evidence.
The doctrine of collateral estop-pel, also known as issue preclusion and estoppel by judgment, “bars relitigation of the same issues between the same parties in connection with a different cause of action.” Topps v. State, 865 So.2d 1253, 1255 (Fla.2004). The doctrine comes into play in a case when the “same parties” attempt to litigate the “same issues” that were already addressed. Id. The doctrine bars “ ‘the parties from litigating in the second suit issues — that is to say points and questions — common to both causes of action and which were actually adjudicated in the prior litigation.’ ” Stogniew v. McQueen, 656 So.2d 917, 919 (Fla.1995) (quoting Gordon v. Gordon, 59 So.2d 40, 44 (Fla.1952)). The determination must be essential to the prior adjudication in order to be given preclusive effect. State v. Strong, 593 So.2d 1065, 1067 (Fla. 4th DCA 1992).
For the doctrine of collateral es-toppel to apply to bar relitigation of an issue, five elements must be present: “(1) an identical issue must have been presented in the prior proceedings; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a full and fair opportunity to litigate that issue; (4) the parties in the two proceedings must be' identical; and (5) the issues must have been actually litigated.” Cook v. State, 921 So.2d 631, 634 (Fla. 2d DCA 2005). Whether collateral estoppel precludes litigation of an issue is reviewed de novo. See, e.g., United Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So.3d 1101, 1103 (Fla. 3d DCA 2010); W & W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc., 35 So.3d 79, 82 (Fla. 4th DCA 2010); Felder v. State, Dep’t of Mgmt. Servs., Div. of Ret., 993 So.2d 1031, 1034 (Fla. 1st DCA 2008); Campbell v. State, 906 So.2d 293, 295 (Fla. 2d DCA 2004).
While no Florida case is directly on point, several cases guide us to agree with the trial court that Criner’s criminal prosecution was not barred. In State v. Freund, 626 So.2d 1043 (Fla. 4th DCA 1993), the court addressed whether the denial of a petition for dependency precluded a subsequent criminal charge of child neglect against the same person based on the same misconduct. The Fourth District held that the state was not estopped to proceed criminally, reasoning:
Although the precise issue confronting us has not previously been decided in *559 Florida, courts in other states have concluded that a denial of a petition for dependency does not bar a criminal prosecution even where there is a specific finding in the dependency case that the misconduct did not occur. In State v. Cleveland, 58 Wash.App. 634, 794 P.2d 546, 551 (1990), rev. denied, 115 Wash.2d 1029, 803 P.2d 324 (1990), and cert. denied, 499 U.S. 948, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991), the petition for dependency alleged that a stepfather had sexually abused his 8 year-old stepdaughter and that the child’s mother was not taking appropriate action to prevent it. The trial court found that the state had not shown by a preponderance of the evidence that the alleged sexual abuse had occurred and dismissed the petition. Criminal charges were then brought, the stepfather was convicted, and he argued on appeal that his prosecution was barred by collateral estoppel. In concluding that the criminal prosecution was not barred, the court stated:
Dependency proceedings are often attended with a sense of urgency, are held as promptly as reasonably possible, and the entire focus of the proceeding is the welfare of the child. The focus being more narrow than in a typical felony trial, the State normally does not need, nor does it perform, the extensive preparation typically required for felony trials.
Furthermore, the prosecutor uses many more resources in developing a felony prosecution than those available and used in the typical dependency hearing. Dependency is decided by a judge, while felony trials are usually tried to a jury. In addition, if the State was faced with application of the doctrine of collateral estoppel to findings in dependency proceedings, there could well be a reluctance to conduct dependency proceedings in cases where one or more of the same issues would arise in subsequent criminal prosecutions.
In People v. Gates, 434 Mich. 146, 452 N.W.2d 627, 633 (1990), cert. denied, 497 U.S. 1004, 110 S.Ct. 3238, 111 L.Ed.2d 749 (1990), the defendant alleged that collateral estoppel barred a criminal prosecution for sexual misconduct involving his child, where a dependency proceeding based on the same conduct resulted in a finding of no dependency. In concluding that collateral estoppel would not be a bar, the Michigan Supreme Court noted that if the possibility of a finding of no dependency would preelude criminal prosecution,
[t]he prosecutor would face an unfortunate choice that is not in the public interest: whether to proceed on the petition in probate court because of concern for the child, or to delay the probate proceeding because of concern that a verdict of nonjurisdiction would preclude criminal prosecution of the accused.
We are persuaded by public policy considerations that such an election between criminal and child-protective proceedings should not be judicially imposed through the application of collateral estoppel. See Joiner v. State, 500 So.2d 81 (Ala.Crim.App.1986).
Consistent with the above authorities and relevant to the issue are two exceptions to the application of collateral es-toppel found in Restatement (Second) of Judgments § 28 (1980), p. 273:
Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
⅝ ⅜ ⅜ ⅜ ⅝ ⅝
*560 (3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them ....
(5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action.
Id. at 1045-46. Other jurisdictions have held similarly. See, e.g., People v. Moreno, 319 Ill.App.3d 445, 253 Ill.Dec. 173, 744 N.E.2d 906, 912 (2001) (“When two proceedings serve different public interests and' purposes, those differing concerns may bear upon the State’s actions in each proceeding.”); State v. Matson, No. A09-555, 2010 WL 606775 (Minn.Ct.App. Feb. 23, 2010) (holding state not collaterally es-topped from prosecuting defendant for criminal sexual conduct against his child, despite TPR ruling that sexual abuse not sufficiently proven); see also State v. Fetter, No. H-99-001, 1999 WL 727096 (Ohio Ct.App. Sept. 17, 1999) (reversing dismissal of criminal charges as collateral estoppel was not applicable in criminal action to bar prosecution for criminal offense arising out of same conduct at issue in juvenile case; juvenile court action was not type of civil action in which double jeopardy attaches).
The Florida Supreme Court has addressed the preclusive effect that determinations made in probation revocation proceedings — proceedings that are “administrative in nature,” Croteau v. State, 334 So.2d 577, 580 (Fla.1976) — have in subsequent criminal proceedings. In Green v. State, 463 So.2d 1139 (Fla.1985), the court considered whether the state was collaterally estopped from trying a defendant for a criminal offense, when it was determined in an earlier probation revocation proceeding that the evidence was insufficient to prove the criminal offense. In deciding that preclusive effect should not be given to the determination made in the probation revocation proceeding, the court reasoned that “no jeopardy attached for the new criminal offenses during the revocation proceeding.” Id. at 1140. The court also noted that “in an analogous situation, a prosecution may be instituted even though there is a finding of no probable cause at a preliminary hearing.” Id. (citing State v. Hernandez, 217 So.2d 109 (Fla.1968)).
In the instant case, there was no identity of issues in the TPR proceedings and the criminal prosecution barring application of collateral estoppel. The issue litigated on its merits in the TPR matter was whether the child continued to be at risk of harm from Criner, irrespective of the provision of services. In the criminal proceeding, the issue litigated was whether Criner was criminally culpable for the alleged sexual misconduct. In the TPR proceeding, DCF’s purpose is protection of the child; in the criminal proceeding, the State’s purpose is determining if Criner molested the child, and then punishing him, if found guilty. The differences of purpose and goal in the civil and criminal procedures are “very real.” People v. Moore, 138 Ill.2d 162, 149 Ill.Dec. 278, 561 N.E.2d 648, 651 (1990).
For these reasons, we conclude the State was not estopped to prosecute Cri-ner criminally and that the trial court correctly denied the motion to dismiss.
AFFIRMED.
BERGER and WALLIS, JJ., concur.