# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-1238, 3D21-1239, 3D21-1240
Lower Tribunal Nos. 19-19520, 19-2293, 19-2287

_____

Michael Ridard, et al.,
Appellants,

vs.

Massa Investment Group, LLC, et al.,
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Genovese Joblove & Battista, P.A., and Jean-Pierre Bado, for appellants.

Dickinson Wright PLLC, and Catherine F. Hoffman, Alan Perlman, and Vijay G. Brijbasi (Fort Lauderdale), for Appellees.

Before LOGUE, HENDON, and LOBREE, JJ.

LOGUE, J.

In this consolidated appeal, Michael Ridard, Michael Ridard, LLC, and Michael Ridard Hospitality, LLC, appeal the trial court's orders granting Massa Investment Group, LLC, 1111 SW 1 Ave, LLC, Mathieu Massa, Baoli America Group Corp., 1906 Collins, and Mr. Hospitality Management, Inc.'s petition for judicial relief and denying two motions to compel arbitration. Because we find that there was no agreement to arbitrate between the parties, we affirm.

The facts of the cases before us were addressed in our previous decision in <u>Massa v. Michael Ridard Hospitality LLC</u>, 306 So. 3d 1106, 1108 (Fla. 3d DCA 2020):

> Mr. Massa and Mr. Ridard had a working relationship for several years. As part of that relationship, Mr. Ridard entered into an employment agreement with Mr. Hospitality LLC. Due to disputed events, Mr. Ridard was terminated in December of 2018.
>
> Following Mr. Ridard's termination, separate lawsuits were filed by varying entities. Some lawsuits related to alleged breaches of the employment agreement and others, including the underlying suit, stemmed from breaches of other agreements between different parties. In the lawsuit relevant to the instant appeal, Mr. Massa and Massa Investment sued to recover from Ridard Investments based on alleged breaches of the operating agreement of 1111. The suit alleged that Ridard Investments failed to provide an initial capital contribution of $250,000.00, which it agreed to pay in exchange for its 10% ownership interests in 1111, and that it was unjustly enriched as a result. The complaint also sought a judicial order expelling Mr. Ridard as a member of Mr. Hospitality and 1111, pursuant to Section 605.0602(6), Florida Statutes. The operating agreement between the parties in this appeal included a provision that

2

stated, "In the event of any dispute arising hereunder, the parties agree to submit to the jurisdiction and venue of Miami-Dade, Florida courts." It did not contain an arbitration provision.

Ridard Hospitality subsequently filed a motion to compel arbitration claiming that an arbitration clause contained in Mr. Ridard's employment agreement with Mr. Hospitality was enforceable in this case against the nonsignatory entities. Mr. Massa, Massa Investment and 1111 objected on the grounds that the operating agreement required the parties to litigate their claims, the parties were not signatories to the employment agreement, and there was no nexus between the claims in this case and those subject to arbitration under the employment agreement.

Ridard Hospitality countered that although the parties to the underlying suit were nonsignatories to the employment agreement, one of the legal exceptions for compelling nonsignatories to arbitrate applied. Ridard Hospitality proffered that in referring to "management agreements," the employment agreement incorporated the operating agreement for 1111. No such management agreement, however, was offered or admitted in evidence for the trial court's review and consideration.

We remanded the case for the trial court to hold an evidentiary hearing regarding whether the non-party organizations could be compelled to arbitrate their claims. Id.

The trial court held a hearing in which the employment contract purporting to bind the Appellees to arbitration was placed into evidence along with the various operating agreements for each of the entities at issue. The trial court also heard live testimony from the parties. At the conclusion of the hearing, the trial court issued separate written orders in each of the

3

consolidated cases finding that the employment contract between Mr. Ridard and Mr. Hospitality, LLC did not bind any of the Appellees to arbitrate.

The Ridard Appellants' argument that collateral estoppel bars Appellees from contesting arbitration is unavailing. The doctrine of collateral estoppel does not apply where, as here, the case on which the estoppel claim is based is still at issue. "The doctrine of collateral estoppel, also known as issue preclusion and estoppel by judgment, 'bars relitigation of the same issues between the same parties in connection with a different cause of action.'" Criner v. State, 138 So. 3d 557, 558 (Fla. 5th DCA 2014) (quoting Topps v. State, 865 So.2d 1253, 1255 (Fla.2004)). Necessarily, "the particular matter must be fully litigated and determined in a contest that results in a final decision of a court of competent jurisdiction." Bradenton Group, Inc. v. State, 970 So. 2d 403, 408 (Fla. 5th DCA 2007) (emphasis added).

There has been no final decision in the case sought to be interposed, as that case is still pending in arbitration. The case will not become final until final judgment is issued, and, if the case is appealed, a mandate is issued from this Court. In the absence of a final decision, the doctrine of collateral

estoppel does not apply to bar Appellees from arguing that the claims brought in these cases are not arbitrable.[1]

As to the merits of their various arguments in favor of arbitration, all fail on the same basis: there is no valid agreement to arbitrate between the parties to this appeal. It is axiomatic that under Florida law, "a trial court's role in determining arbitrability . . . is limited to the following inquiries: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." City of Miami v. Ortiz, 317 So. 3d 249, 252 (Fla. 3d DCA 2021). While the employment contract between Mr. Ridard and Mr. Hospitality, LLC does include a valid arbitration provision, none of the Appellees are party to that agreement.

---

[1] The Ridard Appellants rely on language in Florida Rule of Appellate Procedure 9.130(b) to argue that the decision of a trial court to compel arbitration becomes final if it is not appealed within 30 days of rendition of the order to be reviewed. This argument fails for several reasons. First, the language "shall be invoked" as used in the rule, is directed at the appellate court to require the court to take jurisdiction in such a case. Second, Florida law is clear that "having failed to take a non-final appeal, the appellant is permitted to pursue a final appeal after arbitration is completed." Episcopal Diocese of Cent. Florida v. Prudential Sec., Inc., 925 So. 2d 1112, 1114 n.2 (Fla. 5th DCA 2006) (citing cases). Third, the rule Appellants rely on is clear that "[t]his rule shall not preclude initial review of a nonfinal order on appeal from the final order in the cause." Fla. R. App. P. 9.130(h).

This fact, in and of itself, does not defeat Mr. Ridard's arbitration request as "[n]onsignatories have been held to be bound to arbitration agreements under the theories of (1) incorporation by reference; (2) assumption; (3) agency; (4) veil piercing/alter ego; and (5) estoppel." Massa, 306 So. 3d at 1109 (citations omitted). Here, however, as the trial court properly determined, neither incorporation, agency, nor estoppel applies to the Appellees. See Mendez v. Hampton Court Nursing Center, LLC, 203 So. 3d 146, 149 (Fla. 2016) ("Critically, the third-party beneficiary doctrine enables a non-contracting party to enforce a contract against a contracting party—not the other way around."); Liberty Commc'ns., Inc. v. MCI Telecomms. Corp., 733 So. 2d 571, 575 (Fla. 5th DCA 1999) ("Signing a contract as an agent for a disclosed principal is not sufficient to bind the agent to arbitrate claims against him personally."); Armas v. Prudential Sec., Inc., 842 So. 2d 210, 212 (Fla. 3d DCA 2003) ("Non-signatories can also compel arbitration based on the equitable estoppel doctrine." (emphasis added)). Further, the trial court's finding that the corporate entities were not subject to veil piercing was supported by the entities' various operating agreements and testimony that there was no relation between Mr. Hospitality, LLC and Massa Investments.

The Ridard Appellants, therefore, failed to show that there was any agreement to arbitrate between the parties to this litigation. Without an agreement to arbitrate, the Ridard Appellants cannot compel Appellees to arbitration.

Affirmed.